UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-01716 DMG (FMOx)<br>CV 12-01718 DMG (FMOx)<br>CV 12-01753 DMG (FMOx)<br>CV 12-01754 DMG (FMOx)<br>CV 12-01759 DMG (FMOx)<br>CV 12-02019 DMG (FMOx) | Date | January 4, 2013 |
|---|---|---|---|
| Title | *Gerald Easton v. Don M. Bailey, et al.*<br>*Bruce Johnson v. Don M. Bailey, et al.*<br>*Nilabrata Goswami v. Don M. Bailey, et al.*<br>*Earl Richards v. Don M. Bailey, et al.*<br>*James Tripoli v. Don M. Bailey, et al.*<br>*Clarence C. Farmer v. Don M. Bailey, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| ISABEL MARTINEZ | ANNE KIELWASSER |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| Kathleen A. Herkenhoff | Michelle Johnson |
| Brett Weaver | Virginia Milstead |
| Avi N. Wagner | Peter B. Morrison |
| Felipe J. Arroyo | |
| Kevin S. Kim | |

**Proceedings:** **ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD COUNSEL [Case No. CV 12-01716 DMG (FMOx), Doc. ## 9, 10; Case No. CV 12-01718 DMG (FMOx), Doc. #14; Case No. CV 12-01753 DMG (FMOx), Doc. # 11; Case No. CV 12-01754 DMG (FMOx), Doc. # 11; Case No. CV 12-01759 DMG (FMOx), Doc. # 7; Case No. CV 12-02019 DMG (FMOx), Doc. # 7]**

**The Court hears oral argument from counsel.**

**I.   CONSOLIDATION**

On November 30, 2012, this Court issued an Order re Consolidation, Joint Report, and Briefing Schedule re Motions for Consolidation and Appointment of Lead Counsel or Lead Plaintiff(s) ("November 30 Order") [Case No. CV 12-01716 DMG (FMOx) Doc. # 21]. In response, the parties and non-party movants filed a Joint Report re Consolidation on December 21, 2012 ("Joint Report") [Doc. # 80]. The Joint Report, joined by all Plaintiffs and Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-01716 DMG (FMOx)<br>CV 12-01718 DMG (FMOx)<br>CV 12-01753 DMG (FMOx)<br>CV 12-01754 DMG (FMOx)<br>CV 12-01759 DMG (FMOx)<br>CV 12-02019 DMG (FMOx) | Date | January 4, 2013 |
|---|---|---|---|
| Title | *Gerald Easton v. Don M. Bailey, et al.*<br>*Bruce Johnson v. Don M. Bailey, et al.*<br>*Nilabrata Goswami v. Don M. Bailey, et al.*<br>*Earl Richards v. Don M. Bailey, et al.*<br>*James Tripoli v. Don M. Bailey, et al.*<br>*Clarence C. Farmer v. Don M. Bailey, et al.* | Page | 2 of 3 |

in the shareholder derivative suits referenced above, with the exception of Plaintiffs Goswami and Richards, requests consolidation of the above-referenced cases. The Court heard argument on consolidation and appointment of Lead Counsel on January 4, 2012. The Court finds that consolidation of these cases is appropriate under Fed. R. Civ. P. 42(a)(2).

Accordingly, it is **ORDERED** that *Easton v. Bailey, et al.,* CV 12-01716 DMG (FMOx); *Johnson v. Bailey, et al.,* CV 12-01718 DMG (FMOx); *Goswami v. Bailey, et al.,* CV 12-01753 DMG (FMOx); *Richards v. Bailey, et al.,* CV 12-01754 DMG (FMOx); *Tripoli v. Bailey, et al.,* CV 12-01759 DMG (FMOx); and *Farmer v. Bailey, et al.,* CV 12-02019 DMG (FMOx) be consolidated. Hereafter, all filings in any of the shareholder derivative suits shall be filed under the title *In re Questcor Shareholder Derivative Litigation,* CV 12-01716 DMG (FMOx).

It is **FURTHER ORDERED** that *Johnson v. Bailey, et al.,* CV 12-01718 DMG (FMOx); *Goswami v. Bailey, et al.,* CV 12-01753 DMG (FMOx); *Richards v. Bailey, et al.,* CV 12-01754 DMG (FMOx); *Tripoli v. Bailey, et al.,* CV 12-01759 DMG (FMOx); and *Farmer v. Bailey, et al.,* CV 12-02019 DMG (FMOx) are placed in inactive status.

## II.   APPOINTMENT OF LEAD COUNSEL

The November 30 Order also ordered the parties to state their support of or opposition to the pending motions for appointment of Lead Counsel, of which there are two. (*See* Case No. CV 12-01716 DMG (FMOx), Motion of Bruce Johnson and Gerald Easton to Appoint as Lead Counsel the Weiser Law Firm, P.C. and Johnson & Weaver, LLP [Doc. # 9]; Motion of James Tripoli to Appoint as Lead Counsel Robbins Umeda LLP [Doc. # 10].) Following the November 30 Order, Plaintiff Farmer (also represented by the Weiser Law Firm) joined in the Johnson/Easton Motion [Doc. # 29]; Plaintiffs Goswami and Richards filed a statement in support of the Tripoli Motion [Doc. # 12].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01716 DMG (FMOx)**<br>**CV 12-01718 DMG (FMOx)**<br>**CV 12-01753 DMG (FMOx)**<br>**CV 12-01754 DMG (FMOx)**<br>**CV 12-01759 DMG (FMOx)**<br>**CV 12-02019 DMG (FMOx)** | Date | January 4, 2013 |
|---|---|---|---|
| Title | *Gerald Easton v. Don M. Bailey, et al.*<br>*Bruce Johnson v. Don M. Bailey, et al.*<br>*Nilabrata Goswami v. Don M. Bailey, et al.*<br>*Earl Richards v. Don M. Bailey, et al.*<br>*James Tripoli v. Don M. Bailey, et al.*<br>*Clarence C. Farmer v. Don M. Bailey, et al.* | Page | 3 of 3 |

Courts consider a variety of factors when appointing a lead counsel in consolidated derivative actions, including: "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *Moradi v. Adelson*, No. CV 11-00490, 2011 WL 5025155 at *2 (D. Nev. Oct. 20, 2011) (citing *In re Bank of America Corp. Sec. Derivative and ERISA Lit.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009)). Some courts also consider the criteria for appointing interim class counsel under Fed. R. Civ. P. 23(g)(l), which include: (1) the work counsel has done in furtherance of the action; (2) counsel's experience: (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *Id.* Where "consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker," courts may also consider which party was first to file a complaint. *See Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003); *see also In re Oclaro, Inc. Deriv. Litig.*, No. CV 11-03176, 2011 WL 4345099 at *4 (N.D. Cal. Sept. 14, 2011).

Here, both sets of counsel appear to be experienced and well qualified to vigorously litigate the consolidated action. Both have filed pleadings of high quality and appear able to devote substantial resources to the litigation. The Weiser Firm and Johnson & Weaver, however, were not only the first to file complaints on behalf of Plaintiffs Easton and Johnson, but apparently already have expended substantial time and effort researching the misconduct alleged in this action and took the initial steps to negotiate and arrange for a timeframe for the orderly and timely response of Questcor and other defendants. They also undertook the substantial task of coordinating the drafting and filing of the Joint Report, which no doubt required significant time and resources. Accordingly, the Court appoints the Weiser Law Firm, P.C. and Johnson & Weaver, LLP as Co-Lead Counsel in the consolidated actions.

**IT IS SO ORDERED.**

:45